IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDWARD C. ROSS, VIVIAN ROSS, and )<br>ROSS WALLS AND CEILINGS LTD., LLC, )<br>)<br>Defendants. )<br>_____ ) | No. 2:24-cv-02926-DCN<br><br>ORDER |

This matter is before the court on plaintiff Auto-Owners Insurance Company's ("Auto-Owners") motion to alter judgment, ECF No. 14. For the reasons set forth below, the court denies the motion.

**I. BACKGROUND**

Auto-Owners filed this declaratory judgment action to seek clarification on a policy it issued to defendant Ross Walls and Ceilings Ltd., LLC ("Ross Walls and Ceilings"). ECF No. 1, Compl. ¶ 12. Defendant Edward C. Ross ("Mr. Ross") notified Auto-Owners that he was seeking underinsured motorist ("UIM") coverage under the policy related to an underlying case he and defendant Vivian Ross ("Ms. Ross") (together with Mr. Ross, the "Rosses") filed in the Clarendon County Court of Common Pleas, Ross v. Foley, No. 2022-CP-14-00480 (Clarendon Cnty. Ct. C.P. filed Oct. 27, 2022) (the "underlying action"). Compl. ¶¶ 15, 17; ECF No. 9, Answer ¶¶ 12, 14.

The Rosses filed the underlying action on October 27, 2022. See Compl., Ross, No. 2022-CP-14-00480. They allege that, on February 7, 2022, Mr. Ross was walking through a parking lot when Kenneth H. Foley ("Foley") backed a truck into him,

1

knocking Mr. Ross to the ground and injuring him. Id. ¶ 4. On May 8, 2023, Mr. Ross made a claim for $500,000 in UIM coverage from Auto-Owners because Mr. Ross's injuries allegedly exceed the coverage available under Foley's insurance policy. Compl. ¶ 15; Answer ¶ 12; see also Notice Underinsured Motorist Claim, Ross, No. 2022-CP-14-00480. Auto-Owners contends that it informed the Rosses on July 21, 2023, that no UIM coverage was available under the policy because Mr. Ross was not "occupying" a covered auto at the time of the accident. Compl. ¶ 16. At some point, the Rosses settled with Foley's insurance carrier for $100,000, and Auto-Owners assumed control of Foley's defense in the underlying action pursuant to S.C. Code Ann. Section 38-77-160.[1] Consent Order Substitution Counsel, Ross No. 2022-CP-14-00480; Compl. ¶ 18; Answer ¶ 14.

With the underlying action still pending, Auto-Owners filed this declaratory judgment action on May 9, 2024, against Ross Walls and Ceilings and the Rosses ("defendants"). ECF No. 1, Compl. On October 3, 2024, defendants moved to dismiss. ECF No. 10. They argued that, because the underlying action is still pending, the

---

[1] Pursuant to this Section, an underinsured motorist carrier

> has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear. The evidence of service upon the insurer may not be made a part of the record. In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit. No underinsured motorist policy may contain a clause requiring the insurer's consent to settlement with the at-fault party.

S.C. Code Ann. § 38-77-160.

declaratory judgment action is unripe and that, even if the declaratory judgment action is ripe, the court should decline jurisdiction under the Declaratory Judgement Act, 28 U.S.C. § 2201(a). ECF No. 10-1. Auto-Owners's response to defendants' motion was due October 17, 2024. Long after that deadline elapsed, the court granted defendants' motion on January 15, 2025, ECF No. 12, and the clerk entered judgment against Auto-Owners that same day, ECF No. 13. On February 12, 2025, Auto-Owners moved to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 14. Defendants responded in opposition on February 26, 2025. ECF No. 15. As such, Auto-Owners' motion to alter or amend judgment is fully briefed and is now ripe for the court's review.

## II. STANDARD

Auto-Owners cites to both Rules 59(e) and 60(b) in the standard section of its motion but then appears to base its argument for relief entirely on Rule 60(b)(1). See ECF No. 14 at 1–3. In any event, "a motion filed under Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [twenty-eight] days after the entry of the adverse judgment and seeks to correct that judgment." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); accord Wringlesworth v. Esper, 765 F. App'x 6, 6–7 & n.* (4th Cir. 2019); Manning v. SCDC, 683 F. Supp. 3d 500, 502 (D.S.C. 2023).[2]

---

[2] The Fourth Circuit explained in Robinson that such a motion should be analyzed under Rule 59(e) if it was filed within ten days after the entry of judgment. 599 F.3d at 412. However, the court's decision was based on the Federal Rule of Civil Procedure as they appeared before they were amended on December 1, 2009. Id. at 407 n.6. As a result of the 2009 amendments, the time period for making a motion under Rule 59(e) was expanded from ten days to twenty-eight days. See Fed. R. Civ. P. 59 Advisory Committee's note (2009 amendments). Since then, courts now apply the twenty-eight-

3

Rule 59 of the Federal Rules of Civil Procedure allows a party to petition the court to alter or amend a previous judgment. Fed. R. Civ. P. 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The Fourth Circuit recognizes three limited circumstances in which a district court may grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citations omitted). Importantly, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation omitted).

However, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, or a vehicle for presenting theories or arguments that could have been advanced earlier." McMillian v. District of Columbia, 233 F.R.D. 179, 181 (D.D.C. 2005) (citations omitted). It is improper to use such a motion to ask the court to "rethink what the [c]ourt had already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "[M]ere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, such a motion is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

---

day time period to determine whether to construe a motion as being filed under Rule 59(e) or Rule 60(b). See, e.g., Wringlesworth, 765 F. App'x at 6–7 & n.*; Manning, 683 F. Supp. 3d at 502.

### III.  DISCUSSION

Auto-Owners does not specifically state which of the three grounds for relief it seeks under Rule 59(e).  ECF No. 14.  Instead, it argues that relief is necessary to correct counsel's "mistake, inadvertence, or excusable neglect" and to allow Auto-Owners to present its "meritorious defense."  ECF No. 14 at 1–3, 5–8.  However, these are the standards for granting relief under Rule 60(b)—not Rule 59(e).  See Fed. R. Civ. P. 60(b)(1); Robinson, 599 F.3d at 410 n.9.  Nevertheless, the court assumes that Auto-Owners asserts its Rule 59(e) argument based on the third prong—i.e., correcting manifest injustice.  See Robinson, 599 F.3d at 407.  "To establish manifest injustice, [the movant] must show that it acted with diligence and that it stands to suffer injury that is 'direct, obvious, and observable,' rather than mere potential prejudice."  Hartford Cas. Ins. Co. v. Farley Associates, Inc., 2014 WL 4219953, at *5 (D.S.C. Aug. 25, 2014) (quoting Register v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007)).  The court finds that Auto-Owners has not demonstrated that it would suffer a manifest injustice for three reasons.

First, Auto-Owners's explanation for its failure to respond to defendants' motion is insufficient.  This explanation consists only of two sentences: "[Auto-Owners's] counsel inadvertently failed to file the opposition to Defendants' abstention motion during a time of significant trial commitments and employee turnover.  Counsel believed the opposition had been filed and continued with the case."  ECF No. 14 at 3.  Without any additional details, the court is not convinced that Auto-Owners's counsel's neglect is

a sufficient ground for relief under Rule 59(e).[3]  See, e.g., Hicks v. Transit Mgmt. of Asheville, Inc., 2012 WL 1313217, at *3 (W.D.N.C. April 17, 2012) ("Counsel's neglect in failing to read an Order of the Court and to comply with its directives simply does not justify granting the Plaintiff the extraordinary relief he requests."); see also Robinson, 599 F.3d at 407–11 (affirming district court's denial of Rule 59(e) motion based on counsel's inadvertence in failing to respond to dispositive motion due to undisclosed issue with receiving emails from the court's electronic filing system).  "As both the Supreme Court and [the Fourth Circuit] have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'"  Robinson, 599 F.3d at 409 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962)).

Second, though the court is not required to consider whether Auto-Owners had a meritorious defense under the Rule 59(e) standard, the court is not convinced that Auto-Owners would have prevailed if had responded to defendants' motion to dismiss.[4]  Auto-

---

[3] This is not to say that a Rule 59(e) motion can never be granted based on counsel's errors; however, in such circumstances courts typically require more than the passing reference provided by Auto-Owners's counsel in this case.  See, e.g., Knott v. Wedgwood, 2014 WL 4660811 (D. Md. Sept. 11, 2014) (granting Rule 59(e) motion based on the plaintiff's counsel's affidavit describing "unusual circumstances" that led to his failure to respond to the defendant's motion to dismiss).

[4] In Robinson, the Fourth Circuit explained that "Rule 60(b) requires courts to consider whether the movant has a meritorious defense[, but t]his requirement has never before been extended to Rule 59(e) motions"—meaning it is not an abuse of discretion for courts to not consider the existence of a meritorious defense as part of the Rule 59(e) analysis.  599 F.3d at 410 n.9.  At least one court, however, has "assume[d] . . . that loss of an opportunity to present a meritorious argument may have a bearing on the manifest injustice determination.  Such a loss is not, however, sufficient unless it is 'direct, obvious, and observable.'"  Hartford, 2014 WL 4219953, at *5 n.5.

Additionally, the fact that Auto-Owners has failed to show it had a meritorious defense to defendants' motion to dismiss further shows that its motion to alter judgment would fail even if the court were to analyze it under Rule 60(b).  See Robinson, 599 F.3d

Owners argues that this declaratory judgment action is ripe for determination but bases this argument entirely on the factors used to determine whether courts should abstain under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). ECF No. 14 at 5–8. However, whether to abstain under the Declaratory Judgment Act is a separate question from whether a case is ripe under Article III. Trustgard Ins. Co. v. Collins, 942 F.3d 195, 199 (4th Cir. 2019). Relatedly, federal courts sometimes risk issuing unconstitutional advisory opinions when they issue declaratory judgments over an insurer's obligations when the insured's liability determinations remain pending in state court. See id. at 200–01 ("Although we recognize how valuable it might be for the parties to know an insurer's obligations before liability is resolved, practical value cannot overcome this fundamental limitation on our jurisdiction."). By failing to address these considerations, Auto-Owners has not demonstrated that it would have prevailed but-for counsel's errors and has therefore not demonstrated that it suffered manifest injustice.

Third, because the court dismissed this case on jurisdictional grounds, that dismissal was without prejudice. See Johnston v. Lamone, 801 F. App'x 116, 123 n.4 (4th Cir. 2020) ("We note that when a court dismisses a claim on ripeness grounds, that dismissal generally is without prejudice."); see also, e.g., Am. Builders Ins. Co. v. Sea Castle Custom Homes, LLC, 2024 WL 53679 (D.S.C. Jan. 4, 2024). Consequently, should this case become ripe in the future, Auto-Owners is free to re-file.

---

at 410 n.9; see also id. at 413 ("[A]ttorney inattentiveness toward the pending litigation is not excusable under Rule 60(b).").

With these considerations in mind, the court cannot find that Auto-Owners suffered manifest injustice due to counsel's error and denies Auto-Owners's motion to alter or amend judgment accordingly.

### IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Auto-Owners's motion to alter or amend judgment.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 29, 2025**
**Charleston, South Carolina**